UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 13-CR-0035(2) (PJS/SER) |
| Plaintiff, | |
| v. | ORDER |
| STUART ALAN VOIGT, | |
| Defendant. | |

Robert M. Lewis, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Andrew S. Birrell, GASKINS BENNETT BIRRELL SCHUPP, LLP; Joseph S. Friedberg, JOSEPH S. FRIEDBERG, CHARTERED, for defendant Stuart Voigt.

Defendant Stuart Voigt and his codefendant Jeffrey Gardner stand accused of defrauding investors in what amounted to a Ponzi scheme and, in an effort to prop up that scheme, defrauding the bank of which Voigt was chairman of the board.  Voigt is charged with various offenses arising out of this scheme, including mail fraud, conspiracy to commit mail fraud, engaging in monetary transactions in criminally derived property, bank fraud, making false statements in a loan application, and making false statements to the Federal Deposit Insurance Corporation.

This matter is before the Court on Voigt's objection to Magistrate Judge Steven E. Rau's denial of his motion to sever.  Judge Rau did not address the substance of the motion, but rather denied it without prejudice as premature.  Both parties continue to

press their substantive arguments, however, and the government does not contend that

Voigt's motion is premature.  The Court therefore has undertaken its own de novo

determination of the substance of Voigt's motion.  Having done so, the Court finds that

Voigt's motion should be denied.

Rule 8(b) of the Federal Rules of Criminal Procedure permits the joinder of

defendants "if they are alleged to have participated in the same act or transaction, or in

the same series of acts or transactions, constituting an offense or offenses."  In the

federal system, there is a preference for joint trials of defendants who are indicted

together.  *Zafiro v. United States*, 506 U.S. 534, 537 (1993).  If a joint trial would prejudice

a defendant, however, a court may order separate trials under Fed. R. Crim. P. 14(a).

But Rule 14 does not require severance just because some prejudice has been shown;

instead, the district court generally has discretion to determine what relief is necessary.

*Id.* at 538-39.  Where defendants have been properly joined, a district court should sever

"only if there is a serious risk that a joint trial would compromise a specific trial right of

one of the defendants, or prevent the jury from making a reliable judgment about guilt

or innocence."  *Id.* at 539.

Voigt does not dispute that joinder in this case is proper under Fed. R. Crim.

P. 8(b).  He argues, however, that the Court should try him separately due to the

possibility that the government will seek to admit out-of-court statements by Gardner

-2-

that inculpate him.  Voigt cites *Bruton v. United States*, 391 U.S. 123 (1968), which held that the admission of a non-testifying codefendant's confession inculpating the defendant violates the defendant's rights under the Confrontation Clause.

*Bruton* applies only to testimonial statements, however.  *See United States v. Spotted Elk*, 548 F.3d 641, 662 (8th Cir. 2008) ("It is now clear that the Confrontation Clause does not apply to non-testimonial statements by an out-of-court declarant."). Statements by a coconspirator in furtherance of a conspiracy are not testimonial and do not implicate *Bruton*.  *See United States v. Avila Vargas*, 570 F.3d 1004, 1008-09 (8th Cir. 2009) ("*Bruton*, however, does not preclude the admission of statements by a coconspirator in furtherance of the conspiracy.  Such statements are generally admissible absent confrontation because they are not testimonial." (citations omitted)). Voigt's multilayer speculation—specifically, (1) that Gardner will not testify; (2) that the government will seek to introduce into evidence an out-of-court statement of Gardner; (3) that the statement will inculpate Voigt; and (4) that the statement will be testimonial—is not sufficient to justify severance.

Voigt next argues that severance is necessary because the jury will not be able to compartmentalize the evidence against each defendant due to the complexity of this case and the anticipated length of the trial.  Courts have recognized that complex cases present some risk that the jury will be unable to compartmentalize the evidence.  *See*

*United States v. Lewis*, 557 F.3d 601, 610 (8th Cir. 2009).  Here, however, the risk of

prejudice is reduced because there are only two defendants and it does not appear that

there will be a great disparity in the quantum of evidence admissible against each.  *See*

*United States v. Barth*, 424 F.3d 752, 759-60 (8th Cir. 2005) (possibility of prejudicial

spillover was diminished because there were relatively few participants in the

conspiracy and defendant was extensively involved in it).  Indeed, it is unlikely that

severing the defendants would decrease the complexity of trying this case, as much of

the evidence is likely to be admissible against both defendants.  *See United States v.*

*Darden*, 70 F.3d 1507, 1527 (8th Cir. 1995) (defendants could not show prejudice from

failure to sever because all of the evidence of the conspiracy would have been

admissible at separate trials).  Finally, the Court can ameliorate the risk of prejudice

through proper instructions.  *Lewis*, 557 F.3d at 610.

The Court therefore denies Voigt's motion to sever.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

the Court OVERRULES defendant's objection [ECF No. 105].  IT IS HEREBY ORDERED

THAT defendant's motion to sever [ECF No. 80] is DENIED.

Dated:  November 9, 2015                          s/Patrick J. Schiltz                          
                                                 Patrick J. Schiltz
                                                 United States District Judge