UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 13-CR-0035(2) (PJS/SER) |
| Plaintiff, | |
| v. | ORDER |
| STUART ALAN VOIGT, | |
| Defendant. | |

---

Robert M. Lewis, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Andrew S. Birrell, GASKINS BENNETT BIRRELL SCHUPP, LLP; Joseph S. Friedberg, JOSEPH S. FRIEDBERG, CHARTERED, for defendant Stuart Voigt.

This matter is before the Court on defendant Stuart Voigt's objection to Magistrate Judge Steven E. Rau's November 24, 2015 Report and Recommendation ("R&R"). Judge Rau recommends denying Voigt's motion to suppress evidence. Based on a de novo review, *see* 28 U.S.C. § 636(b)(1), Fed. R. Crim. P. 59(b)(3), the Court overrules Voigt's objection to the R&R and denies his motion to suppress.

Voigt seeks to suppress statements that he made during a February 16, 2012 interview with federal investigators on the basis that the interview was conducted in violation of Minn. R. Prof. Conduct 4.2. Rule 4.2 prohibits a lawyer from communicating about a matter with a person whom the lawyer knows to be represented in the matter without first obtaining the consent of the person's lawyer.

The rule is applicable to attorneys for the federal government by virtue of 28 U.S.C. § 530B.  The investigators who interviewed Voigt on February 16, 2012 are not lawyers, but Voigt contends that they were acting at the behest of the prosecutor in this case.  *See State v. Miller*, 600 N.W.2d 457, 464 (Minn. 1999) ("a lawyer is responsible for conduct of any associated nonlawyer if the lawyer orders or ratifies the nonlawyer's conduct").

Voigt's allegation is not supported by the evidence in the record.  The only evidence that the prosecutor had anything to do with the February 16 interview is the fact that the investigators stopped by the prosecutor's office before the interview in order to pick up a target letter to deliver to Voigt.  Even if that were a sufficient basis on which to find that the investigators were acting under the direction of the prosecutor—which the Court does not believe to be the case—there is no evidence whatsoever that the prosecutor knew that Voigt was represented (assuming that he was, in fact, represented for purposes of the criminal investigation).  Rule 4.2 is therefore simply inapplicable.  *Miller*, 600 N.W.2d at 464 (absent conduct attributable to an attorney, Rule 4.2 does not apply).

Moreover, Rule 4.2 permits criminal investigators to contact represented persons unless the contact "goes beyond fair and legitimate investigation and is so egregious that it impairs the fair administration of justice . . . ."  *Id.* at 467.  Voigt contends that the investigators acted egregiously by waiting until the conclusion of the interview to give

him the target letter that identified him as the target of a criminal investigation. There is no evidence that the prosecutor knew about or ratified that act, however. Setting that aside, that act alone, in the context of the entire interview, did not render the investigators' conduct egregious.

Contrary to Voigt's characterization, the target letter does not advise him to obtain a lawyer. Instead, it invites Voigt to contact the prosecutor to discuss the pending criminal investigation and advises him that, *if* he is represented, he should do so through his lawyer. *See* Gov't Ex. D [ECF No. 108-4]. Although the investigators did not give Voigt this letter until the end of the interview, they otherwise treated Voigt fairly: At the beginning of the interview, the investigators identified themselves, explained why they were there, and asked Voigt if he was represented in a criminal matter relating to Hennessey Financial. Hr'g Tr. 10, 21-22, 23-24, 43, Oct. 5, 2015 [ECF No. 103]. The investigators also explained that Voigt's participation in the interview was voluntary, that he could end the interview at any time, and that the investigators would leave if at any time Voigt asked them to do so. Hr'g Tr. 22, 36.

The Court therefore concludes, as did Judge Rau, that the investigators' conduct was "authorized . . . by law" within the meaning of Rule 4.2. And even if it was not, the investigators' conduct was not sufficiently egregious to warrant suppression (assuming that suppression is even a remedy that is available under federal law, which the Court

questions[1]).  *Cf. Miller*, 600 N.W.2d at 465 (suppression is not automatic, but is an appropriate remedy under state law for egregious violations of Rule 4.2 that compromise the fair administration of justice); *State v. Clark*, 738 N.W.2d 316, 340-45 (Minn. 2007) (suppression was not warranted despite violation of Rule 4.2).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court ADOPTS the R&R [ECF No. 115].  IT IS HEREBY ORDERED THAT defendant's motion to suppress statements [ECF No. 82] is DENIED.


Dated:  December 30, 2015              s/Patrick J. Schiltz
                                       Patrick J. Schiltz
                                       United States District Judge

---

[1]Minnesota is unusual in holding that suppression can be employed as a remedy for violations of the no-contact rule.  *See State v. Clark*, 738 N.W.2d 316, 340-41 (Minn. 2007) (noting that while almost every court has rejected suppression as a remedy for violations of the no-contact rule, Minnesota takes a case-by-case approach to determine if suppression is warranted).